```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00261-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

DANIEL MORONES,

     Defendant.
_____

                  REPORTER'S TRANSCRIPT
                    MOTION HEARING
_____

       Proceedings before the HONORABLE WILEY Y. DANIEL,
Chief Judge, United States District Court for the District of
Colorado, commencing at 4:10 p.m., on the 9th day of September,
2009, in Courtroom A1002, United States Courthouse, Denver,
Colorado.
```

**APPEARANCES**

| | |
|---|---|
| For the Government | RICHARD ALLYN HOSLEY , III, ESQ. |
| | United States Attorney's Office |
| | 1255 17th Street |
| | Denver, Colorado |
| For the Defendant | MICHAEL GARY ROOT, ESQ. |
| | 217 East Seventh Avenue |
| | Denver, Colorado |

```
         THERESE LINDBLOM, Official Reporter
         901 19th Street, Denver, Colorado 80294
       Proceedings Reported by Mechanical Stenography
              Transcription Produced via Computer
```

```
 1                        P R O C E E D I N G S
 2           THE COURT:  09-cr-261, U.S.A. v. Daniel Andres
 3   Morones.
 4           Would counsel enter their appearances.
 5           MR. HOSLEY:  Good afternoon, Your Honor.  Rick Hosley
 6   appearing for the United States.
 7           MR. ROOT:  Your Honor, good afternoon.  Michael Root
 8   appearing on behalf of Mr. Morones.  He is present in court.
 9           THE COURT:  The motion before the Court is a motion to
10   declare case complex and continue current trial dates.
11           Mr. Root, help me understand how this case is complex
12   within the meaning of the Speedy Trial Act.
13           MR. ROOT:  Well, Judge, as I was --
14           Your Honor, it probably is not complex in the normal
15   sense of things with multiple defendants, perhaps lengthy
16   discovery.  But a couple of things, Judge, that make this a
17   very difficult case for purposes of complexity.
18           One is, it may well be a situation where we are forced
19   to litigate much of the terms and conditions of this
20   Mr. Morones' custodial status as far as a potential defense in
21   this case.  We're early on in this case.  We don't know exactly
22   where this is going to lead us.
23           There are also some issues that involve things that I
24   believe are perhaps work product that I don't want to go into
25   too deeply.  But there are certain injuries that Mr. Morones
```

1   has suffered in his life that may well need to be investigated
2   for purposes of defense in this case.  Not may well, do need to
3   be.  And that's something that we're in the beginning stages of
4   trying to have -- beginning undertaking that task, is to
5   investigate those things.
6       There are certain defenses -- again, I don't want to
7   get into some of those too deeply, because I do believe part of
8   those are work product.  If the Court wants me to make a
9   further record about that *ex parte*, I'm happy to do that.  But
10  it certainly involves certain types of testing and evaluations
11  that are not done that quickly, especially in custodial
12  situations.  And we're working to get that done as soon as
13  possible.
14      This isn't a case where there is going to be a lot of
15  eyewitnesses to it, certainly.  And those eyewitnesses are
16  correctional officers for the most part, although there are a
17  couple of inmates that are going to need to be interviewed.
18      But, again, as I indicated, Judge, this is a situation
19  where the manner in which Mr. Morones is being held and the
20  effect that had on him, may well be -- is relevant to potential
21  defenses.
22      Again, I can't say whether it does or not rises to the
23  level of a defense at this point in time, but I can certainly
24  tell the Court it certainly is relevant.
25      Judge, I don't think this is a case that needs to be

```
 1   reset a year down the road or anything along those lines, but I
 2   do think we need some time to fully investigate this, talk to
 3   these particular deputies.
 4           The ends of justice, if it's not complex, would
 5   require us to do these evaluations and these tests to evaluate,
 6   perhaps, some mental status of Mr. Morones.
 7           And further, I think the Court is aware, if not, I'm
 8   sure the Court is, Mr. Morones has another case pending in
 9   front of Judge Kane where he's charged with Second Degree
10   Murder of an inmate.  And we're working on that -- I'm the
11   attorney on that case as well.  I have gotten second counsel on
12   that case.  I'm not asking for second counsel on this case.
13           But I do believe, Judge, that there is either a
14   complexity that requires a continuance or at least some amount
15   of continuance under the ends of justice because of the need
16   for me to adequately prepare, need for me to investigate
17   Mr. Morones' potential mental state, the need for me to
18   investigate potential witnesses within the system, and the way
19   in which Mr. Morones was being held in custody.  All of these
20   things take time.  And I've got investigators appointed on the
21   case.  They're beginning their work on the case, but it cannot
22   be done within the speedy trial time frame set forth in the
23   Criminal Justice Act, in the federal statutes.
24           And so, Judge, I would agree with the Court when --
25   it's not something that's complex of the nature of a big drug
```

```
 1   indictment, but it may be very well complex as well as the
 2   investigation that the potential defenses in this case.  And so
 3   there is just no way that I can be adequately prepared for
 4   trial within speedy trial.
 5           Again, I don't think the Court needs to give us a year
 6   or nine months or anything along those lines, but we certainly
 7   do need time to have these evaluations done and these tests
 8   done so that I can properly represent Mr. Morones.
 9           THE COURT:  Let me just note:  In light of the United
10   States v. Toombs case, that was decided by the Tenth Circuit on
11   August 3, 2009, 2009 Westlaw 2357228, the Court must make
12   detailed findings that clearly justify an ends of justice.  I'm
13   sure you're familiar with that case.
14           Would you just in the order of most importance to you,
15   give the reasons why you believe an ends of justice finding is
16   most appropriate.  And then after you've listed those factors,
17   some of which you've already told me about, then tell me how
18   much time you're seeking regarding excludable time.
19           MR. ROOT:  Yes.
20           THE COURT:  So start with the most important factor.
21   What's the first reason why you think you need more time?
22           MR. ROOT:  The first reason is to do psychological,
23   perhaps even some medical testings of Mr. Morones involving
24   potential defenses.  Again, I don't want to go too far down
25   that path in open court, but it's something that I believe is
```

1  absolutely necessary.  There is no way to represent Mr. Morones
2  without doing that.
3         I don't know the exact amount of time I would need for
4  that.  I think we could have an evaluation done within 60 days,
5  certainly, and the results back.
6         *THE COURT:*  Well, you would have to -- in order for
7  that to be ordered, you would have to file some sort of motion
8  requesting that.
9         *MR. ROOT:*  Absolutely, Judge.
10        *THE COURT:*  And you would have to give me grounds.
11        *MR. ROOT:*  Understood.
12        *THE COURT:*  And I'd have to get a response from the
13 Government.  But the first thing is -- so this would be for you
14 to request medical and psychological testing of the defendant,
15 so that's -- what's the next one?
16        *MR. ROOT:*  Well, Judge -- I don't want to argue
17 something that is not set for today.  But I don't think the
18 Government has a stake in whether or not we're allowed to do
19 testing of our client.  I think that's an *ex parte* proceeding.
20 I think we have a right to services *ex parte* to determine
21 whether or not defenses exist.
22        *THE COURT:*  Well, I don't know.  I've got to look and
23 see exactly what you're requesting.  So, for example, let's say
24 you make a request for a competency evaluation, and I'll have
25 to decide if that's something that I'm going to treat *ex parte*

1    or whether or not it's something from which the Government may
2    need to give a response.
3             But I want to put that aside.  What I really want you
4    to do is list the reasons why you believe time should be
5    excluded.  So the first is to allow you time to request
6    psychological and medical testing of the defendant.
7             *MR. ROOT:*  Yes.
8             *THE COURT:*  What's that --
9             *MR. ROOT:*  And to have that testing completed,
10   certainly.
11            *THE COURT:*  What's the second?
12            *MR. ROOT:*  The second is to, Judge, do an
13   investigation of the nature and manner in which Mr. Morones was
14   being held in a custodial status just prior to the allegations
15   in this case.  There is some very drastic changes and very --
16   at least in my humble opinion -- I'm not trying to besmirch the
17   Bureau of Prisons -- but very draconian custodial situation for
18   Mr. Morones.  And I'm going to need to investigate that.
19   Whether or not that plays any role as far as these mental
20   issues are concerned, I don't know; but I need to investigate
21   that.
22            Thirdly, I need to interview, or at least to attempt
23   to interview any of the correctional officers that would be
24   willing to speak to us.  They can certainly tell me to go jump
25   in the lake, and they may not.  We certainly have an obligation

1  to try to interview them.

2        There are also -- so as far as the -- and I think --
3  let me take a step back as it goes to the custodial situation.

4        *THE COURT:*  Hold on.  I'm just thinking of this.  To
5  the extent you were to file a motion asking for psychological
6  and medical testing, that in and of itself would toll speedy
7  trial.

8        *MR. ROOT:*  Yes.

9        *THE COURT:*  What I'm really talking about is -- and
10  you've -- the things that you would need to -- how much time
11  should be excludable so you can begin the process of doing
12  these things?  Again, if you file a motion, that would be
13  self-executing.

14        So the next -- you said interview correctional
15  officers with knowledge.  What's the next point you were about
16  to make?

17        *MR. ROOT:*  Well, we have already begun the process of
18  requesting all of Mr. Morones' prison records.  You have to do
19  that through Freedom of Information Act requests to get all of
20  them, to make sure we have all of them.  And that process has
21  begun.  From my experience, that request can take anywhere from
22  45 to 90 days to be completed.  I mean, we've already began the
23  process, but to have it -- we get all of his correctional
24  records.

25        Mr. Morones has been in custody in two or three

```
 1  separate federal facilities.  And they'll all come as one,
 2  certainly; but it's going to be quite a massive amount of
 3  documents that involve his custodial status.  Somewhere
 4  between, I'd say, 30 to 60 days to get that information.  So
 5  that I can review it.  That doesn't take the filing of a
 6  motion, but I do need to try to get ahold of it.  And like I
 7  said, we've already begun that.
 8          And part of this, Judge, as I'm sure the Court is
 9  aware, we're doing this both in connection with this case and
10  his companion case.  That's the second thing, to make sure we
11  have all of his prison records.
12          THE COURT:  Anything else?
13          MR. ROOT:  Other than to interview the witnesses,
14  Judge, which I'm guessing -- I can't tell you how long that
15  will take.  I'm guessing that we have to try to find some
16  inmate witnesses, but I -- it's -- I really don't know how
17  much -- how long to tell you that will take for us to try to
18  find and interview witnesses.
19          THE COURT:  All right.  Now, let me just understand
20  this.  I don't know anything about the case before Judge Kane.
21  Is there any connection between that case and this case?
22          MR. ROOT:  Not that I'm really aware of, other than
23  he's in prison on both of them.  I mean, that's -- there is
24  no --
25          MR. HOSLEY:  The only connection is the defendant,
```

1  Your Honor.  As he said, his custodial status in the BOP.
2          *THE COURT:*  All right.  Any other grounds for
3  excludable time, Mr. Root, that you can think of?
4          *MR. ROOT:*  No.  I think that's it, Judge.  I think we
5  need to investigate the case.  That will take, I'd say, 60
6  days.  We'd all be doing this at the same time.  I'm not saying
7  we have to do one after the other after the other.  Do the
8  investigation into certain mental issues.
9          Again, I don't want to quibble on the issue, but my
10 anticipation would be on that testing, would be, I wouldn't be
11 filing a motion to request permission to have him evaluated.
12 I'd probably be filing -- I don't think this is any secret,
13 because counsel sees these come through every day -- I would
14 probably be filing an *ex parte* request for approval of funds to
15 have that evaluation done.
16         *THE COURT:*  No, I understand what you might be saying.
17 All I'm really saying is, I just need to understand what you
18 have in mind here.  And I won't -- don't want to foreshadow
19 things that haven't been filed.
20         What's the excludable time you're requesting based on
21 all of these factors today?
22         *MR. ROOT:*  I think if you excluded 90 days, Judge, we
23 could be it -- that would give us sufficient time.  I'm not
24 saying that would do it, that I wouldn't come back later.  In
25 all honesty, I think that's a fair estimation.

| | |
|---|---|
| 1 | *THE COURT:*  Mr. Hosley, let me hear from you. |
| 2 | *MR. HOSLEY:*  Your Honor, I'll be brief, but this -- |
| 3 | *THE COURT:*  Go to the microphone. |
| 4 | *MR. HOSLEY:*  Sorry, sir. |
| 5 | Your Honor, this is an assault case.  Assault cases |
| 6 | are not complex.  The defendant was alleged to have slipped his |
| 7 | cuffs and punched an officer at the BOP.  It's a relatively |
| 8 | straightforward case.  Actually, I think it's more than |
| 9 | relatively straightforward; I think it's completely |
| 10 | straightforward.  When I was working Indian Country, this is |
| 11 | the type of cases where we could do the entire trial from the |
| 12 | start of voir dire to a verdict in a day, day and a half, |
| 13 | maybe. |
| 14 | I understand that the fact that he is in BOP adds some |
| 15 | extra detail to the case, but does not add legal complexity, |
| 16 | either to the facts or the legal issues before the Court. |
| 17 | I notice that the defendant's motion has morphed |
| 18 | somewhat.  When it was originally filed with the Court, he |
| 19 | stated there were legal facts and facts so complex that a |
| 20 | declaration of complexity was required and that the discovery |
| 21 | was so great and voluminous, we had to have, again, this |
| 22 | complexity finding.  That's not the case. |
| 23 | The discovery in this case is relatively minor.  We |
| 24 | have an incident report, and we have some records that have |
| 25 | already been turned over regarding the defendant's BOP status. |

1  We've already discovered to the defense the essential file of
2  the defendant.  They're stating that they're filing a Freedom
3  of Information Act request of the BOP.  But the documents that
4  they are seeking have already been turned over to the defendant
5  in the course of the initial discovery in this case, and all
6  Rule 16 discovery has been complied with, as far as those
7  records that they are seeking.
8  　　　　Again, we don't believe there are any legal issues
9  that are complex that require a finding of complexity.  We do
10 not believe there is great discovery.  There are only maybe
11 ten -- I'm estimating -- witnesses involved in the case.  He
12 punched a guard.  It doesn't take a long time to interview and
13 get in contact with those witnesses.
14 　　　　I'd also note that this case has already been before
15 the Court for in excess of a month.  The arraignment was on
16 August 6.  I'd be curious to see how much has been done in the
17 course of this last 30 days.
18 　　　　I don't believe that there should be any thought
19 process in this Court's decision making that this case is in
20 any way tied to the other case.  Any complexity that exists in
21 Judge Kane's courtroom is unique to that case and does not
22 spill over to this case.  As we said before, the only thing
23 similar between these cases is the name on the indictment and
24 that the same defendant is seated at counsel table in two
25 separate courtrooms.  That is a totally separate case unrelated

```
 1    to this case.  There is no bleedover in evidence.  There is no
 2    404(b) from this case to that case.  It's a relatively
 3    straightforward assault.
 4            We are not objecting to a continuance.  I think 90
 5    days is too long.  We would say that 60 days would be at the
 6    outer end of the continuance.
 7            As I noted, and as the Tenth Circuit noted most
 8    recently in Toombs, the public has a right to a speedy trial,
 9    not just the defendant.  And the Government is here to make
10    sure that the public's right is not infringed upon, and we are
11    not later, if this case does result in a conviction, arguing,
12    like in Toombs, that even though we objected to the continuance
13    request, why the Speedy Trial Act was not violated.
14            We would ask the Court to, if a continuance is
15    granted, limit it to 60 days.
16            THE COURT:  All right.  Here is what I'm going to do:
17    First, to the extent that this motion requests that I declare
18    the case complex, I'm going to deny that part of the motion.
19    But also I'm going to treat the motion that was filed as a
20    request for the Court to make an ends of justice finding
21    pursuant to 18 United States Code Section 3161(h)(7)(iv).
22            And (h)(7)(iv) reads, Whether the failure to grant
23    such a continuance in a case which taken as a whole is not so
24    unusual or so complex as to fall within clause 2 would deny the
25    defendant reasonable time to obtain counsel but unreasonably
```

 1  deny the defendant or the Government continuity of counsel or
 2  would deny the counsel for the defendant or the attorney for
 3  the Government the reasonable time necessary for effective
 4  preparation, taking into account the exercise of due diligence.
 5       What Mr. Root has said on behalf of the defendant is
 6  he believes that he needs to have time excluded to request
 7  psychological and/or medical testing of the defendant.  And I'm
 8  unclear as to whether or not that will be done on an *ex parte*
 9  or on a regular basis, and I'll have to wait to see what
10  transpires in that regard.
11       Two, to investigate the nature and manner of the
12  defendant's custodial circumstances related to this incident,
13  as opposed to anything about another case.  Three, interview
14  correctional officers with knowledge.  Four, request and review
15  defendant's prison records.  And, five, just general
16  investigation, which is --
17       So the Court believes that based on what Mr. Root has
18  said, that some time should be excluded.  But I find that that
19  time should be this, based on the record before me, limited to
20  60 days.
21       What I will do is grant an ends of justice finding and
22  will exclude 60 days because the Court makes a finding based on
23  the record before me that to not grant such a request for a
24  continuance would deny counsel for the defendant reasonable
25  time necessary for effective preparation, taking into account

```
 1   the exercise of due diligence.
 2           So therefore, I'll grant this motion to the extent
 3   it's asking for an ends of justice finding under the subsection
 4   I noted, but I'll limit the excludable time to 60 days.
 5           And, further, I'm going to require that a status
 6   report be filed before the expiration of the 60-day period.
 7           By the way, when does speedy trial -- when would it
 8   expire on its own if I didn't exclude time?
 9           MR. ROOT:  I think we had a trial setting --
10           THE COURT:  I know it's set for trial in October, on
11   October 26.
12           MR. HOSLEY:  Your Honor, I'm checking the discovery
13   memorandum right now.  The 70-day date was October 12, 2009.
14   90-day was November 1, 2009.
15           THE COURT:  In any event, I'll exclude 60 days, and
16   I'll --
17           Related to that, I'll vacate the trial presently set
18   for October 26, 2009, and the final trial preparation
19   conference is set for October 23.  And I'll prepare an order
20   that reflects that.
21           Then, like I said, I'll order that a status report --
22   let me give a deadline here.  I'll order that a status report
23   be filed by -- let's make it October 26, of where this case
24   stands.
25           MR. HOSLEY:  Your Honor, does the Court intend to
```

```
 1   right now or in a written order set a trial date, or are you
 2   going to wait until that --
 3           THE COURT:  I'm not going to set a trial date, because
 4   I only set cases that are trial ready.  And Toombs doesn't
 5   impact that one way or the other.  For example, if the
 6   defendant files pretrial motions that require a hearing, then
 7   we have to have a hearing.
 8           Do you intend to file, Mr. Root, if you know, any
 9   pretrial motions?
10           MR. ROOT:  Yes, Judge.
11           THE COURT:  What --
12           MR. ROOT:  Whatever deadline the Court -- I think we
13   already have some deadlines.  But whatever the Court wants,
14   I'll get them filed by.
15           THE COURT:  What kind of motions are you likely to
16   file, if you know, right now?
17           MR. ROOT:  I --
18           THE COURT:  You don't know yet?
19           MR. ROOT:  I don't know yet.  I apologize, but I
20   don't.
21           THE COURT:  That's fine.
22           Today's date is, what?  September 9.  I'll give you
23   until Monday, November 2 to file pretrial motions.
24           MR. ROOT:  That's more than enough time.
25           THE COURT:  Here is what I'm going to do:  I'm going
```

1    to order that the parties do two things.  You file a joint
2    status report telling me where this case stands, and/or you can
3    do both, and/or file pretrial motions by November 2, 2009.
4            *MR. ROOT:*  So both -- the 26th date is now the 2nd
5    for everything?
6            *THE COURT:*  The 2nd for everything.  And so -- and
7    then as a part of your status report that you file by
8    November 2 -- no, I'll tell you what -- what I don't want to do
9    is have a situation where I have to schedule a trial within a
10   short period of time if no motions are filed.  So I want the
11   status report earlier in time.
12           *MR. ROOT:*  Judge, I can do both of them by the October
13   date.  I have no problem getting the motions and status report
14   done by that date.
15           *THE COURT:*  October 26?
16           *MR. ROOT:*  Sure.
17           *THE COURT:*  Let's move the date up to October 26.
18   October 26 will be the deadline to file pretrial motions and
19   also to file a status report.  And in the status report, I want
20   some sense of where this case is going.  And predicated on what
21   you file, I'll either schedule a hearing on motions and a
22   status conference and/or just status conference, if it turns
23   out no motions are filed.  As a part of the status report, if
24   no motions are filed, I want to know your current calculations
25   of speedy trial, taking into account the exclusion of 60 days.

1    *MR. ROOT:*  And, Judge, are you anticipating that the
2    defense files our status report letting the Court know where we
3    are, or do you want a joint report?
4    *THE COURT:*  I would prefer a joint report.  If you
5    can't file a joint report, file separate reports.  But it's
6    going to be document that is filed publicly.  It ought to be,
7    you can meet and confer.
8    *MR. ROOT:*  We may not agree on everything, but I
9    can --
10   *THE COURT:*  The joint status report means you're
11   filing it jointly.  And it's giving me your respective comments
12   on the case.  So it doesn't mean you have to agree to
13   everything in it, but I want it filed in one document.
14   *MR. ROOT:*  Certainly, Your Honor.
15   *THE COURT:*  Joint status report filed by October 26,
16   2009, as well as any pretrial motions.  And I won't at this
17   point limit it to evidentiary or non-evidentiary.  Just file
18   your pretrial motions, and I'll see what is going to shake out
19   for this case.  Depending upon what you file, I'll determine
20   what needs to happen thereafter.
21   *MR. ROOT:*  That's fine.
22   *THE COURT:*  Anything else today?
23   *MR. HOSLEY:*  No, Your Honor.
24   *THE COURT:*  All right.
25            (Recess at 4:33 p.m.)

```
 1                    REPORTER'S CERTIFICATE

 2

 3        I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.
 4

 5        Dated at Denver, Colorado, this 13th day of February,

 6   2012.

 7                                    s/Therese Lindblom

 8                                 _____
                                     Therese Lindblom,CSR,RMR,CRR
 9
```