1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLORADO
2
   Criminal Action No. 09-cr-00261-JLK
3
   UNITED STATES OF AMERICA,
4
        Plaintiff,
5
   vs.
6
   DANIEL ANDRES MORONES,
7
        Defendant.
8  _____

9
                      REPORTER'S TRANSCRIPT
10                    Trial to Jury, Day 1

11 _____

12          Proceedings before the HONORABLE JOHN L. KANE, JR.,

13 Senior Judge, United States District Court for the District of

14 Colorado, commencing at 1:18 p.m., on the 13th day of December,

15 2010, in Courtroom A802, Alfred A. Arraj United States

16 Courthouse, Denver, Colorado.

17

18

19

20

21

22

23

24 Proceeding Reported by Mechanical Stenography, Transcription
          Produced via Computer by Kara Spitler, RMR, CRR,
25        901 19th Street, Denver, CO, 80294, (303) 623-3080

1                          APPEARANCES

2          RICHARD HOSLEY and JAMES HEARTY, Assistant United

3   States Attorneys, 1225 17th Street, Suite 700, Denver, CO

4   80202, for plaintiff.

5          DANIEL MORONES, pro se.

6          ROBERT BERGER, P.O. Box 201088, Denver, CO  80222,

7   and MATTHEW CONNELL, Connell – Savela, P.C., 250 Arapahoe

8   Avenue, Suite 301, Boulder, CO  80302, advisory counsel to pro

9   se defendant.

10                     P R O C E E D I N G S

11       (In open court at 1:18 p.m.)

12          THE COURT:  Thank you all.  Good afternoon, and be

13   seated, please.

14          We are ready in case no. 09-cr-261, United States of

15   America vs. Daniel Andres Morones, for a trial; and this is a

16   nine-count indictment charging assault on a federal officer or

17   employee in various conformations, the first one being with

18   respect to an employee who was injured.

19          Now, is the Government ready to proceed?

20          MR. HOSLEY:  We are, Your Honor.

21          THE COURT:  All right.

22          The defendant ready?  Mr. Morones, good afternoon.

23          THE DEFENDANT:  I am, Your Honor.  Good afternoon.

24          THE COURT:  All right.  We -- I made some last-minute

25   changes in the instructions, and I want to go over those very

1    briefly with you.

2           The first change that I made in the instructions was

3    to instruction no. 5 on page 16.  Just a minor typographical

4    there.

5           But after that, there's an instruction on 21,

6    instruction no. 9, on page 21.  It had included the standard

7    instruction on the admissibility of a prior conviction if the

8    defendant took the witness stand.  But that's not the case

9    here.  I don't know whether Mr. Morones is going to testify or

10   not, but the fact is that his conviction will come out because

11   this occurred in a prison.  And so that's the reason why I have

12   changed that to show that indeed it is a relevant matter, but

13   that it cannot be used in any way to show that because he's a

14   felon in prison, that that means he's guilty of any charge that

15   he's indicted with.  And so that's the change that I made

16   there.

17          Then I did make a significant change on the verdict

18   form because count one requires a lesser-included offense.  And

19   so I've put that in.  I think that pretty much covers the

20   change in instructions.

21          Mr. Hosley.

22          MR. HOSLEY:  Your Honor, just a -- I should have

23   brought this to your attention earlier.  But as I'm sitting

24   here, we realize that two of the counts of the nine counts have

25   been dismissed, counts three and seven, and there's no

1  explanation to the jury within the instructions as to the fact

2  that they're missing numbers.

3         Would it be pertinent to just throw a one-line --

4         THE COURT:  Yes.

5         MR. HOSLEY:  -- that two counts were dismissed prior

6  to this case and the jury should not consider them.  I don't

7  know a really good way to phrase that, but they should not

8  consider the fact that there are missing nos. 3 and 7 and

9  should not affect their deliberations.

10        THE COURT:  I will tell them that.  3 and 7, right?

11        MR. HOSLEY:  Yes, Your Honor.

12        And that's something that I should have brought to the

13 Court's attention at the pretrial conference.  I apologize.

14        THE COURT:  That's all right.  I'm going to put there

15 is no count three and you need not be concerned.

16        MR. BERGER:  What instruction are you putting that in,

17 Judge?

18        THE COURT:  I'm putting it on page 3, which is the

19 preliminary instruction how the trial will proceed.

20 Instruction no. 1.  And I'm putting it right above count four.

21 There is no count three and you needn't be concerned.  And then

22 I'll say the same thing on page 5 after count six.

23        Now, we're going to proceed with the selection of the

24 jury after I introduce all the people that are here, and we

25 will call 12 people to the box and the way we'll proceed is

after I conduct a *voir dire* examination, then each -- the

courtroom deputy will pass the jury list back and forth and

each side will exercise whatever peremptory challenge you wish.

The Government has up to six.  So in other words the Government

will be one and then it will go to Mr. Morones.  He can

exercise his first one.  Then we'll put two more people in the

box or one, as the case might be.  And conduct a supplemental

*voir dire*.  Then we'll put the list back with the prosecution

to strike one name and then to Mr. Morones to strike one.  And

then we will fill that out.  And we'll do that until the

Government either accepts the jury as constituted or exercises

all six.  And then we will just have Mr. Morones do that until

he accepts the jury as constituted or exhausts his peremptories

to ten.

        After we finish that, I'm going to then draw on three

more names for an alternate juror and conduct a supplemental

*voir dire*, and then each side will have one peremptory, and

whoever's left will be the alternate juror.  We will then swear

in the jury and I will instruct.

        I doubt seriously that we'll have any more time this

afternoon to accomplish anything more than that.  But if we do

and there is time, then we'll start with the opening

statements.  If there isn't sufficient time, we'll start at

nine o'clock tomorrow morning, assuming we have our jury by

then.  I think we can get a jury this afternoon.  But I don't

want to have a jury at 4:15 and then say, well, you make your

opening statement now, because I don't know that the Government

can finish and I don't want to have the Government make an

opening statement and then wait until the next day to have the

defendant make his, if the defendant chooses.  So if we don't

have enough time, we'll start tomorrow at nine with the opening

statements.

I guess this is more for the benefit of the

prosecution than the defense, but I doubt seriously that we're

going to have any time for any testimony of any witnesses this

afternoon.

MR. HOSLEY:  Your Honor, may I just -- one question

about the jury-selection process or a couple of questions.

THE COURT:  Yes.

MR. HOSLEY:  We have six and they have ten

peremptories, so the Court is going to go, we do one, they do

two, we do one, one --

THE COURT:  No, one, one, one, one.  And then when we

finish, if he wants to continue with the last four, he can do

it.

MR. HOSLEY:  Okay, Your Honor.  And even when we pass

the jury, we still would have --

THE COURT:  You still have your peremptories as to

those you haven't accepted, yes.

MR. HOSLEY:  Thank you, sir.

1       THE DEFENDANT:  Your Honor, I just like to address the

2  Court briefly.

3       THE COURT:  All right.

4       THE DEFENDANT:  There are two discoverable videos that

5  I haven't seen, that I wasn't able to view and I wasn't aware

6  of until today.  They're Government Exhibit 4 and 6.  I've

7  never had any knowledge of these two videos, and I haven't been

8  able to see them, Your Honor.

9       THE COURT:  All right.  You're entitled to see them.

10       MR. HOSLEY:  Your Honor, I can alert the Court that

11  these have been provided in discovery to counsel for the

12  defense prior to him electing to go *pro se*.

13       THE COURT:  All right.  I'm not critical of it.  It's

14  just that he's entitled to see it before he proceeds.

15       MR. BERGER:  They're --

16       THE COURT:  Mr. Berger.

17       MR. BERGER:  I'm hoping I can get them converted

18  tonight.  They don't play on the computer I have.

19       THE COURT:  Okay.

20       MR. BERGER:  'Cause they're a odd program that's

21  required for them.  But it was my oversight.  I didn't send

22  them along.

23       THE COURT:  All right.

24       Before they're mentioned --

25       MR. BERGER:  I think they're brief, they're very

```
 1   brief.  And so --
 2           THE COURT:  All right.
 3           MR. BERGER:  Maybe we can even borrow a computer at
 4   break or something and just watch them.
 5           THE COURT:  Okay.  Before they're shown or discussed
 6   to the jury, he's entitled to see them.  If you want to show
 7   them in your opening, we're going to have to wait till tomorrow
 8   for the opening.
 9           MR. HEARTY:  We don't intend to show any exhibits
10   during the opening statement.
11           THE COURT:  All right.  You'll see them tonight.
12           MR. BERGER:  All right.
13           THE COURT:  Are we ready?
14           Ready?
15           MR. HOSLEY:  Yes, Your Honor.
16           THE COURT:  Ready, Mr. Morones.
17           THE DEFENDANT:  Yes, Your Honor?
18           THE COURT:  Okay.  Bring them in.
19       (Discussion off the record.)
20       (Jury panel in at 1:38 p.m.)
21           THE COURT:  Good afternoon, ladies and gentlemen.  My
22   name is John Kane.  I'm the judge assigned to this courtroom,
23   and you've been asked to come here so that we can select a jury
24   to try a criminal case.  It's anticipated that we will select
25   the jury this afternoon and then begin the trial with opening
```

1   statements and testimony tomorrow, and we are hoping that the

2   case will be presented to the jury by Friday.  This is not a

3   multiweek-long trial, so if that was a concern of yours to

4   begin with, you can forget about it.

5          The next thing is that we're going to call 12 of you

6   to come into the jury box.  Now, there are 14 seats there, and

7   we won't need all of those.  I'll ask the first person called

8   to come to the seat nearest to me in the back row and then six

9   and then we'll do the front row nearest to me and fill it out

10  so that there are 12 people there.

11         After we have 12 people there, there will be plenty of

12  you still in the spectator section, and I will ask that you pay

13  very careful attention because there are going to be people

14  excused.  The way that a trial, a criminal trial, is conducted

15  here is that I will conduct an examination.  Now, you're all

16  qualified to serve on a jury, but whether you can on this

17  particular case or not depends upon certain personal factors,

18  such as your background and experience, whether you know any of

19  the people involved, things that would make it difficult for

20  you to serve.

21         After I have conducted this examination, then the

22  Government's lawyers will excuse one person and the defense

23  will excuse another person and then we will go through the

24  process and draw additional names to come forward until finally

25  we have that jury.

1           When we have 12 jurors selected, we are then going to

2    call three other people to the jury box and that -- two of

3    those people will be excused after questioning and that will

4    leave one person to serve as the alternate juror.  And the

5    alternate juror will participate fully throughout the

6    proceedings and assuming that not one of the 12 is excused for

7    let's hope for no reason at all, then the alternate would pitch

8    in and serve at that time.  So the alternate has a kind of

9    double responsibility in having to pay just as much attention

10   as everyone else but maybe not being called for the final

11   decision in the case.

12           You will, if you're selected on this jury, be able to

13   take notes and notepaper and pens will be provided for you.

14   Likewise, you will all have copies of the instructions of law.

15   I will be going over those with you in my questioning of you

16   now and then I will instruct you as to all the law and you'll

17   have copies of it, if you're serving on the jury, and we'll go

18   over those before.  Then during the course of the trial, from

19   time to time, we will bring up those instruction, and you will

20   have them to refer to.

21           The other thing that isn't done in every courtroom but

22   is here is that during a recess, if you have had a question

23   that you feel hasn't been gone into or that you have some

24   question in your mind, you can write out that question and give

25   it to the courtroom deputy and she will give it to me.  I will

read over the question.  I will consult with the prosecutors
and the defendant and come up with an appropriate answer for
that question, and then read the question, make sure that's
what it is and then answer it.  So that your, you won't have to
be sitting there wondering about something.

I will say this, that a little bit of patience rather
than writing down a whole bunch of questions usually helps
because it's been my experience that the answer to most
questions is, well, wait a while, it's going to be coming out a
little bit later.  So what I want you to do is to pay attention
to the testimony as it comes from the witness stand rather than
worrying about something else.

The next thing is you're about to take an oath, and I
want you to listen carefully to the words of it.  Then during
the course of the trial, you will note that when the clerk of
the court administers an oath, she will wait until everyone is
paying attention because I want anyone taking an oath to pay
attention to the words.  It's a very serious matter, and if we
don't pay attention to it, it is likely to become trivial for
people, and they regard it without paying a lot of attention.
It is, let me put it this way, it isn't a stop sign out in the
middle of nowhere.  It's a traffic sign in heavy traffic, and
you have to pay attention to it.

(Voir dire proceedings under separate cover.)

1           THE COURT:  Please be seated.

2           I'm not going to take up a lot of your time.  But when

3   I'm finished, we'll declare a recess, and if you'll go with

4   Mrs. Abiakam back, she'll show you the jury room and talk to

5   you a few moments about that.

6           The one thing I want to do at this point is to give

7   you a preview of what's in store and also to point out to you

8   that each one of you has a yellow button identifying you as a

9   juror.  There's a very clear reason for this, and that is that

10  if you have any kind of question, anything about the case or

11  about your duties as a juror, you can go to a court officer, in

12  the clerk's office or Mrs. Abiakam, for that.  But the

13  attorneys in this case are under very strict instruction not to

14  have any contact with you.  Now, if they see you in the

15  elevator and they say good morning, that's fine.  We're not

16  concerned about that.  The point is is that we don't want

17  anybody to be influencing you in any way.  So they will avoid

18  you, both the prosecutors and the advisory counsel, and

19  Mr. Morones will have nothing to do with you except here in the

20  courtroom.

21          Now, this doesn't happen except in the rarest of

22  circumstances, but nevertheless I'm required to advise you that

23  I don't expect this to happen, in 33 years here, maybe twice

24  it's happened; and that is if anybody should try to contact you

25  about this case or say anything to you that touches upon your

1  serving as a juror on this case, I want it reported to me

2  immediately.  Immediately.

3          On the other hand, as I pointed out, those BlackBerrys

4  and other gadgets, whatever you do with them, don't do anything

5  about this case with them.  Just leave that.

6          That also includes talking to anybody.  If you're

7  married, by all means tell your spouse, I'm on a jury and the

8  judge has asked us not to discuss it until it's over.  And then

9  you can say what you want.  But there's too much of a

10  temptation on somebody who's married to tell you what to do.

11  And they do it innocently, but it happens.  So just stay away

12  from that.

13          And the other is that if you have an employer, child

14  care, or some other person that needs to know that you're not

15  going to be available, then say, I'm on a jury and I will be

16  for the rest of this week and the judge has asked me not to

17  discuss it until it's over.

18          Yes, ma'am.

19          JUROR:  I have a question.  Can you give me a semifirm

20  timetable?  I mean, will we pretty much be wrapped up by

21  Friday?

22          THE COURT:  We think -- that's our best effort is to

23  get this case to you by Friday.  Now, it could possibly go over

24  until Monday, but I'm going to be pushing to get it done

25  because I've got another trial starting Monday.

1          JUROR:  Okay.

2          THE COURT:  Not only that, but I want you to be out of

3    here.  But we're going to do our very best.

4          JUROR:  Okay.

5          THE COURT:  We gave you a lengthy list of witnesses,

6    but I can't tell you that all of them are going to be called.

7    I don't think all of them will be called.

8          JUROR:  Well, no, no, no, the reason I'm asking, is

9    I've got to let work know.  I go in Friday night.

10         THE COURT:  You're going to be out of here -- that's

11   the other thing I was going to talk about for just a minute.

12   We're going to start at 9 a.m., and if you have any

13   medications, things you need, you can pretty much rest assured

14   that we're going to take a recess as approximately 10:15 and

15   come back at 10:30.  Then we're going to recess at noon and

16   come back at 1:15.  I would like to take an hour, but with this

17   many people and the restaurants and things so you can have

18   something to eat, it's just not possible, so it will be 1:15.

19   Then we'll go until 3:15.  Take a 15-minute break.  We'll come

20   back, and at any time after 4:30, the attorney or Mr. Morones,

21   whoever is at the lectern examining the witness at that point,

22   can decide when to stop.  If he doesn't stop by five, I do.  So

23   you know that you will be out of here by five o'clock.  You can

24   tell child care or whoever you need to that we will stop at

25   five.  And we will not have a Saturday session.  We won't have

a Sunday session.  So Friday night's yours.

JUROR:  No, I got to go to work.  I work graveyard.

THE COURT:  Well.

Okay.

JUROR:  Okay.

THE COURT:  All right.  Now, the final thing is this.

In the morning, get here and I will give instructions to you and you'll have copies of them, starting at nine.  Then you'll hear an opening statement from the Government, Mr. Morones may or may not make an opening statement at that time, and then we'll start in with the testimony.  And we'll go through the testimony.  When all of it's done, then you'll have the closing arguments from each side, I will instruct you one more time, and then you'll go back to decide the case.

If you need anything at all in terms of questions, I've already explained that once, but let me go over it one more time.

You'll have notepads, if there's something you think you need to ask about, write it down and give it to Mrs. Abiakam at the break, and we'll take care of it.  When I say "take care of it," sometimes I can't answer the question; but if I can't, I'll tell you why.  If I can answer the question, I confer with the parties, come out with an answer, go on the record, and we'll take care of it.

As I said before, it's been my experience, at least

1    half of those questions are what about this or what about that,

2    and the answer is, cool your jets, it's going to come out.  So

3    be patient with us.

4              Thank you very much.

5              Please stand while the jury leaves the courtroom.

6        (Jury out at 4:43 p.m.)

7              THE COURT:  We'll be in recess until 9 a.m. tomorrow

8    morning.

9              Thank you all.

10       (Recess at 4:44 p.m.)

11                       REPORTER'S CERTIFICATE

12             I certify that the foregoing is a correct transcript

13   from the record of proceedings in the above-entitled matter.

14   Dated at Denver, Colorado, this 22d day of February, 2011.

15

16                           s/Kara Spitler_____
                                   Kara Spitler
17

18

19

20

21

22

23

24

25